IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AFUA HAMMOND and ANDERSON KNOBLE, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 11-2666 |
| KATHLEEN BAUSMAN, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                  **SEPTEMBER 30, 2011**

Presently before the Court is Defendants, Kathleen Bausman, Alejandro Mayorkas, Janet Napolitano, and Eric Holder's[1], ("Defendants") Motion to Dismiss the Complaint of Plaintiffs, Aufa Hammond ("Hammond") and Anderson Knoble ("Knoble") (collectively, the "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, this Motion will be granted.

**I. BACKGROUND**

Plaintiffs have brought suit against the above-named government officials seeking, among other things, to have this Court issue a writ of mandamus[2] requiring the Defendants to

---

[1] According to the Complaint, Defendant, Kathleen Bausman, is the District Director for the Philadelphia District of the United States Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security ("DHS"), and is responsible for petitions for alien status applications pending in the Philadelphia District. Defendant, Alejandro Mayorkas, is the Director of USCIS. Defendant, Janet Napolitano, is the Secretary of DHS, and Defendant, Eric Holder, is the Attorney General of the United States. (Compl. ¶¶ 15-18.)

[2] In a related case that was previously adjudicated by this Court, Knoble and Hammond, along with five other Plaintiffs, filed a mandamus action on November 9, 2009, seeking to

adjudicate and grant Knoble's Form I-130 Petition for Alien Relative ("Form I-130), and Hammond's Form I-485 Application for Adjustment of Status ("Form I- 145").[3]

Plaintiffs assert in their Complaint that Knoble is a United States citizen and Hammond a citizen of Ghana who lawfully entered the United States on a valid visa. (Compl. ¶ 2.) Knoble, subsequently, married Hammond and filed a Form I-130 for Hammond as his wife with the Department of Homeland Security ("DHS"). At this same time, Hammond filed a Form I-485 to adjust status to a lawful permanent resident with the DHS based on her marriage to her United States citizen husband. Plaintiffs assert that the Defendants have improperly handled and delayed the processing of this application. (Id.) Plaintiffs further assert that the DHS has improperly denied Knoble's Form I-130 in bad faith on multiple occasions.

Plaintiffs state in their Complaint that they "therefore seek a grant of the Petition for Alien Relative and to have Afua Hammond's status adjusted by this Court, as Congress has authorized through the Immigration and Nationality Act. See U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty." (Id. ¶ 4.) Plaintiffs further

---

compel the USCIS to adjudicate various "I-130 Petitions for Alien Relative and I-485 Applications to Adjust Status" (Anderson Knoble and Afua Hammond v. Karen Fitzgerald, et al., Civil Action No. 09-5071). On March 29, 2010, we severed and dismissed all Plaintiffs but Karpeh and Kelly Cooper for improper joinder. On April 30, 2010, we substituted Hammond and Knoble for Karpeh and Kelly Cooper as Plaintiffs. In that action, Hammond and Knoble sought to compel the USCIS to adjudicate the same I-130 and I-485 applications which are the subject of the present action. On April 25, 2011, we granted the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Likewise here, as will be discussed, infra, we dismiss this action for lack of subject matter jurisdiction, in addition to other reasons as well.

[3]Plaintiffs assert that "[f]ederal immigration law allows United States Citizens to file an I-130, Petition for Alien Relative, for their spouse," and "[i]mmigration laws allow a beneficiary of an I-130 to adjust her status to that of lawful permanent resident pursuant to Section 245 of the Immigration and Naturalization Act." (Compl. ¶ 20.)

state that they are asking this "Court to declare that the Defendants are violating the due process rights of the Plaintiffs, as well as the Administrative Procedures Act and the immigration laws and regulations, in failing to adjudicate their respective applications." (Id. ¶ 10.)

Knoble filed the Form I-130 on June 22, 2007 and Hammond submitted her Form I-485 on this same date. The USCIS, subsequently, denied Hammond's Form I-485 on June 24, 2009, and denied Knoble's Form I-130 August 25, 2010. The Board of Immigration Appeals ("BIA") affirmed this denial on March 21, 2011. On April 20, 2011, Plaintiffs filed this action for "Declaratory and Injunctive Relief and/or Writ in the Nature of Mandamus."

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410 n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d

3

Cir. 1990)). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

## III. DISCUSSION

### 1. The Administrative Procedure Act

Plaintiffs argue in their Complaint that "Defendant officers of [US]CIS have engaged in unreasonable and extraordinary delay in adjudicating Plaintiffs [sic] applications, in violation of the Administrative Procedures Act." (Compl. ¶ 6.)

The Administrative Procedure Act ("APA") grants a reviewing court the authority to compel agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Supreme Court has clarified that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004). The Court explained the limited application of § 706(1) by noting that its purpose "is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve." Id. at 66. In particular, "[t]he prospect of pervasive oversight by federal courts over the manner and pace of agency compliance with [broad] congressional directives is not contemplated by the APA." Id. at 67.

Here, the only action that the USCIS was legally "required" to take was action upon Plaintiffs' Form I-130 and Form I-485 applications. As acknowledged by the Plaintiffs

4

themselves in their Complaint, the USCIS has already acted upon these applications when it issued its I-130 denial on August 25, 2010 and its I-485 denial on June 24, 2009. Also as noted, these decisions were then affirmed on appeal by the BIA on March 21, 2011. (Compl. ¶ 2.) Moreover, Plaintiffs have offered nothing more than allegations that the applications were unreasonably delayed, and fail to present any evidence of such. As stated above, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Norton, 542 U.S. at 64. Here, the USCIS acted on the applications and there is no evidence that there was unreasonable delay in doing so. Thus, this Court lacks jurisdiction under the APA to grant Plaintiffs' requested relief.

### 2. Mandamus

This Court also does not have the jurisdiction to review Plaintiffs' claims under the Mandamus Act. Congress has granted federal courts the power to issue writs of mandamus by the All Writs Act, 28 U.S.C. § 1651. Mandamus is a "drastic" remedy, "to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Mandamus "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Will v. United States, 389 U.S. 90, 95 (1967). In short, "only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." Id. Mandamus is available only when "(1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Guerrero v. Clinton, 157 F.3d 1190, 1193 (9th Cir. 1998); Oregon Natural Resources Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir.1995). Mandamus

offers a remedy only where the government official or agency owes the Plaintiffs a "clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); see also Kerr v. United States District Court, 426 U.S. 394, 402–403 (1976).

As discussed above, the only nondiscretionary, ministerial duty that the USCIS owed Plaintiffs was the duty to act upon their Form I-130 and Form I-485 applications. USCIS acted upon the applications when it denied the applications, and the BIA affirmed. Accordingly, the Defendants have withheld no action, and thus, owe Plaintiffs no further "clear and nondiscretionary" legal duties. Therefore, this Court lacks jurisdiction under the Mandamus Act to grant Plaintiffs any further relief.

### 3. Arbitrary and Capricious Review

Defendants assert that Plaintiffs allege for the first time in their responsive brief that this Court should review the substance of the agency final decision under the APA's arbitrary and capricious standard. A review of Plaintiffs' Complaint indicates that they have not specifically set forth a cause of action alleging that either or both the USCIS and the BIA's decisions were "arbitrary and capricious." Rather, Plaintiffs merely state in their Complaint that:

> [t]he court also may hold unlawful and set aside agency action that, inter alia, is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).

(Compl. ¶ 41.) Moreover, Plaintiffs again state in their "Objection to Defendants' Motion to Dismiss and/or Motion for Additional Time to Answer Defendants' Motion to Dismiss" that

6

"[t]he decisions of both USCIS and the BIA were either 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" 5 U.S.C. § 706(2)(A). Plaintiffs further state in this response that "[t]he arbitrary nature of the decisions is clear since USCIS and the BIA made numerous improper decisions such as Plaintiff Hammond being married to six men." (Pls.' Resp. at 5.)

Defendants argue in their Reply that the "Plaintiffs cannot avoid dismissal of a moot complaint simply by amending it," and moreover, that Plaintiffs "cannot informally amend their Complaint within a responsive brief." (Defs.' Reply at 3.) We agree with the Defendants that Plaintiffs certainly have not specifically raised an arbitrary and capricious claim in their Complaint and questionably have raised this argument in their Response. Plaintiffs have not requested this Court to amend their Complaint to add such a cause of action despite having had ample time to do so since the Defendants filed their "Reply in Support of Motion to Dismiss" on July 27, 2011 when Defendants argued that the Plaintiffs have not raised an arbitrary and capricious claim their Complaint.

Under the APA, judicial review is usually limited to determining whether agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A); United States v. Bean, 537 U.S. 71, 77 (2002). Under the "arbitrary and capricious" standard the scope of review is a narrow one. A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.,

7

419 U.S. 281, 285-86 (1974); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971). The agency must articulate a "rational connection between the facts found and the choice made." Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962). The Supreme Court further stated in Bowman Transp. that "[w]hile we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned. 419 U.S. at 285-86; see also Colorado Interstate Gas Co. v. FPC, 324 U.S. 581, 595 (1945).

Here, even if we found that the Plaintiffs properly raised a claim that the USCIS and BIA's decisions were arbitrary and capricious, such a claim would fail. As stated above, the "arbitrary and capricious" standard of review is a narrow one, and this Court cannot substitute its judgment for that of the agency. Bowman Transp., Inc., 419 U.S. at 285-86. Plaintiffs have failed to offer any support that the USCIS and BIA decisions were arbitrary ones. Plaintiffs only state in their Response to Defendants' Motion to Dismiss that "[t]he arbitrary nature of the decisions is clear since USCIS and the BIA made numerous improper decisions such as Plaintiff Hammond being married to six men. (Pls.' Resp. at 5.) Plaintiffs have offered no other argument or any other support for its position other than this statement. This is surely not enough to meet the narrow standard of "arbitrary and capricious" review.

Although, Plaintiffs fail to offer any argument or evidence to support their assertion of an arbitrary decision on behalf of the USCIS, our own cursory review of this decision indicates a comprehensive and well-supported decision. The USCIS indicated in its decision that "in order for an alien to be accorded immediate relative status based on marriage to a United States citizen, both parties must have been free to marry, which requires that any prior marriage of either party

8

must have been legally terminated." The USCIS determined that "by her own admission, Afua Hammond has been previously married to Nana Entrue I," and that she has "failed to provide credible evidence to prove that this prior marriage was legally terminated." (Defs.' Mot. Dismiss, Ex. C at 2.) The USCIS decision specifically discussed Knoble's prior I-130 application, and the evidence presented at that time, including an interview with Hammond and a sworn statement given by her which contradicted her earlier assertion that she had never been married to Entrue I. The USCIS then fully considered the evidence presented by Knoble in the current application, including an affidavit by Hammond and a purported authentic copy of a "Statutory Declaration issued in the Superior Court of Judicature, the High Court of Justice, in Accra, Ghana, confirming the dissolution of the customary marriage between Entrue I and Afua Hammond." (Id. at 4.) The USCIS determined that "a review of the record in its entirety reveals numerous inconsistencies and misrepresentations that serve to undermine the beneficiary's (Hammond) credibility." (Id. at 8.) The USCIS then concluded that the "evidence you have submitted into the record does not satisfactorily demonstrate that the beneficiary's prior marriage to Entrue I was legally terminated, dissolved, or annulled. As the beneficiary was not legally free to marry you (Knoble), her marriage to you is a bigamous marriage that is contrary to public policy," and accordingly the USCIS denied the I-130 application. (Id. at 9.)

Likewise, Plaintiffs have offered no argument or evidence that the BIA's decision was arbitrary or capricious. A review of this decision indicates that the BIA carefully considered Plaintiffs' claims on appeal and determined that Knoble "has failed to specifically address the availability of Entrue's birth certificate, documentary or expert evidence regarding who is legitimately recognized as a head of household in Ghana for purposes of customary or tribal

9

divorce, or other specific evidence requested by DHS." (Defs.' Mot. Dismiss, Ex. E at 2.) For these reasons, we also find that neither the USCIS nor BIA denials of Plaintiffs' I-130 and I-485 applications were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A); Bean, 537 U.S. at 77.

An appropriate Order follows.